UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
DISTRICT OF KANSAS

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KS 66101

**SKYLER B. O'HARA**
CLERK
E-MAIL: Skyler_OHara@ksd.uscourts.gov
(913) 735-2220

204 U.S.COURTHOUSE
401 N. MARKET
WICHITA, KS 67202

July 16, 2024

**KIM LEININGER**
CHIEF DEPUTY CLERK
E-MAIL: Kim_Leininger@ksd.uscourts.gov
(913) 735-2205

490 U.S.COURTHOUSE
444 NE QUINCY
TOPEKA, KS 66683

**SEE NOTICE OF ELECTRONIC FILING**

Pro Se Topeka or 2255 Appeal

RE:  Tony Tremayne Lewis v. Jeff Zmuda, et al.

District Court Case No.:   23-3236-JWL

Notice of Appeal filed by:   Tony Tremayne Lewis

Fee Status:   Not Paid

    The following documents are for the parties in connection with the Notice of Appeal: Notice of Appeal and Copy of the Docket Sheet.

    If you have any questions, please contact the Office of the Clerk of the U.S. Court of Appeals in Denver, Colorado at (303)844-3157.

Sincerely,
SKYLER B. O'HARA
CLERK OF COURT

By: s/S. Nielsen-Davis
Deputy Clerk

Cc: Clerk, U.S. Court of Appeals
    (Notice of Appeal, Docket Sheet, & Preliminary Record)

CLOSED,APPEAL,PLC4,S1

# U.S. District Court
## DISTRICT OF KANSAS (Topeka)
## CIVIL DOCKET FOR CASE #: 5:23−cv−03236−JWL

| | |
|---|---|
| Lewis (ID 98308) v. Zmuda et al | Date Filed: 10/23/2023 |
| Assigned to: District Judge John W. Lungstrum | Date Terminated: 07/11/2024 |
| Cause: 42:1983 Prisoner Civil Rights | Jury Demand: None |
| | Nature of Suit: 555 Habeas Corpus (Prison Condition) |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Tony Tremayne Lewis**  
*98308*

represented by **Tony Tremayne Lewis**  
98308  
EL DORADO Correctional  
Facility−Central  
PO Box 311  
El Dorado, KS 67042  
Email: KDOC_court_file_edcf@ks.gov  
PRO SE  
*Bar Number:*  
*Bar Status:*

V.

**Defendant**

**Jeff Zmuda**  
*Secretary of Corrections, Kansas Department of Corrections, in his individual capacity*  
*also known as*  
Jeffery Zmuda

represented by **Matthew Lee Shoger**  
Kansas Attorney General  
Legal Services  
120 SW 10th Avenue, 2nd Floor  
Topeka, KS 66612  
785−296−2215  
Fax: 785−291−3767  
Alternative Phone: 316−209−5135  
Cell Phone: 316−209−5135  
Email: matt.shoger@ag.ks.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Bar Number: 28151*  
*Bar Status: Active*

**Defendant**

**David C. Ferris**  
*Business Manager, KDOC Central Inmate Bank, in his individual and official capacity*  
**TERMINATED: 01/31/2024**

**Defendant**

**Darcie Holthaus**
*Secretary of Corrections Designee, Kansas Department of Corrections, in her individual capacity*

**Defendant**

**Phillip C. Marley**
*Disciplinary Officer, El Dorado Correctional Facility, in his individual and official capacity*
*TERMINATED: 01/31/2024*

**Defendant**

**Maria G. Bos**
*Deputy Warden, El Dorado Correctional Facility, in her individual and official capacity*
*TERMINATED: 01/31/2024*

**Defendant**

**Shawn R. Chastain**
*Correctional Officer, El Dorado Correctional Facility, in his individual capacity*

**Defendant**

**Alexander Owens**
*Correctional Officer, El Dorado Correctional Facility, in his individual capacity*

**Defendant**

**Jarris J. Perkins**
*Property Claims Administrator, El Dorado Correctional Facility, in her individual and official capacity*
*TERMINATED: 01/31/2024*

**Defendant**

**Brian M. Buchholz**
*Unit Team Counselor, El Dorado Correctional Facility, in his individual and official capacity*
*TERMINATED: 01/31/2024*

**Defendant**

**Jeremy L. Hoepner**

*Unit Team Counselor, El Dorado Correctional Facility, in his individual capacity*

**Defendant**

**Isaiah J.O. Barker**
*Correctional Officer, El Dorado Correctional Facility, in his individual capacity*

**Defendant**

**Tommy Williams**
*Warden, El Dorado Correctional Facility, in his individual and official capacity*
*TERMINATED: 01/31/2024*

**Defendant**

**Brett A. Sissell**
*EAI Agent, El Dorado Correctional Facility, in his individual and official capacity*
*TERMINATED: 01/31/2024*

**Defendant**

**Jessica Ramsdell**
*Accountant, KDOC Central Inmate Bank, in her individual and official capacity*
*TERMINATED: 01/31/2024*

**Defendant**

**Kansas Department of Corrections**

**Interested Party**

| | | |
|---|---|---|
| **Kansas Department of Corrections** | represented by | **Natasha M. Carter** |
| | | Kansas Department of Corrections |
| | | 714 SW Jackson Street, Suite 300 |
| | | Topeka, KS 66603 |
| | | 785−506−7615 |
| | | Alternative Phone: |
| | | Cell Phone: |
| | | Email: natasha.carter@ks.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | Bar Number: 26074 |
| | | Bar Status: Active |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 10/23/2023 | 1 | COMPLAINT filed by Plaintiff Tony Tremayne Lewis. (smnd) (Entered: 10/23/2023) |
| 10/23/2023 | 2 | MOTION for Leave to Proceed in forma pauperis by Plaintiff Tony Tremayne Lewis. NOTE – Access to document is restricted pursuant to the courts privacy policy. (Attachments: # 1 Inmate Account Statement) (smnd) (Entered: 10/23/2023) |
| 10/23/2023 | 3 | MOTION to Appoint Counsel by Plaintiff Tony Tremayne Lewis. (Attachments: # 1 Exhibits) (smnd) (Entered: 10/23/2023) |
| 10/23/2023 | 4 | ORDER ENTERED: Plaintiff's motion to proceed in forma pauperis 2 is granted. The Court assesses an initial partial filing fee of $39.00, calculated under 28 U.S.C. § 1915(b)(1). Plaintiff is granted to and including November 6, 2023, to submit the fee. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fee as directed may result in the dismissal of this matter without further notice. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of plaintiff shall forward payments from plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office. Entered by District Judge John W. Lungstrum on 10/23/23. Mailed to pro se party Tony Tremayne Lewis by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 10/23/2023) |
| 11/06/2023 | | INITIAL PARTIAL FILING FEE PAID: in the amount of $39.00, receipt number 500001033. (nac) (Entered: 11/06/2023) |
| 11/08/2023 | 5 | MOTION to Supplement 1 Complaint by Plaintiff Tony Tremayne Lewis. (smnd) (Entered: 11/08/2023) |
| 11/17/2023 | 6 | MEMORANDUM AND ORDER TO SHOW CAUSE ENTERED: Plaintiff is granted until December 17, 2023, in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed. Plaintiff is granted until December 17, 2023, in which to file a complete and proper amended complaint to cure all the deficiencies. Plaintiff's Motion to Supplement Complaint (Doc. 5 ) is granted. Plaintiff's Motion to Appoint Counsel (Doc. 3 ) is denied without prejudice. The clerk is directed to send § 1983 forms and instructions to Plaintiff. Signed by District Judge John W. Lungstrum on 11/17/23. Mailed to pro se party Tony Tremayne Lewis with § 1983 forms and instructions by regular mail. (smnd) (Entered: 11/17/2023) |
| 12/13/2023 | 7 | AMENDED COMPLAINT filed by Plaintiff Tony Tremayne Lewis. (smnd) (Entered: 12/13/2023) |
| 12/13/2023 | 8 | RESPONSE by Plaintiff Tony Tremayne Lewis re 6 Memorandum and Order to Show Cause. (smnd) (Entered: 12/13/2023) |
| 12/13/2023 | 9 | MOTION for Reconsideration re 6 Memorandum and Order to Show Cause by Plaintiff Tony Tremayne Lewis. (Attachments: # 1 Exhibit List, # 2 Exhibits) (smnd) (Entered: 12/13/2023) |
| 12/14/2023 | 10 | EXHIBITS A–A6 IN SUPPORT of 9 MOTION for Reconsideration by Plaintiff Tony Tremayne Lewis. (smnd) (Entered: 12/15/2023) |
| 01/30/2024 | 11 | MOTION for Punitive Damages and Request for Jury Trial by Plaintiff Tony Tremayne Lewis. (smnd) (Entered: 01/30/2024) |

| 01/31/2024 | 12 | MEMORANDUM AND ORDER ENTERED: All claims, except Plaintiff's First Amendment claim, are dismissed for failure to state a claim upon which relief may be granted. All defendants other than Defendant Zmuda are dismissed. Plaintiff's Amended Complaint (Doc. 7 ) is dismissed. Plaintiff's Motion for Reconsideration (Doc. 9 ) is denied. Plaintiff's Motion for Punitive Damages and Request for Jury Trial (Doc. 11 ) is denied. The Court will enter a separate e−service order directing the Clerk of Court to serve Defendant Zmuda. The Kansas Department of Corrections ("KDOC") shall submit the Martinez Report within sixty (60) days following the electronic filing of the Waiver of Service Executed. Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the Martinez Report. Upon the filing of that report, the KDOC may move for termination from this action. Signed by District Judge John W. Lungstrum on 01/31/24. Mailed to pro se party Tony Tremayne Lewis and Defendant Jeff Zmuda by regular mail; e−mailed to counsel for the KDOC and Attorney General for the State of Kansas. (smnd) (Entered: 01/31/2024) |
| --- | --- | --- |
| 01/31/2024 | 13 | SERVICE ORDER ENTERED: The Clerk of the Court shall notify the Kansas Attorney General ("AG") and the KDOC of this Service Order. The Court requests that Defendant waive formal service of process. The AG and/or the KDOC shall have thirty (30) days from entry of this Service Order to file a Waiver of Service Executed and/or a Waiver of Service Unexecuted. Upon the electronic filing of the Waiver of Service Executed, Defendant shall have sixty (60) days to prepare a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Upon the filing of that report, the Court will screen Plaintiff's Complaint and will enter an order setting an answer deadline if the Complaint survives screening. Any answer deadline set forth in the docket entry for the waiver of service is not controlling. In those cases where a Waiver of Service Unexecuted is filed, the KDOC shall have ten (10) days from the filing of the Waiver of Service Unexecuted, to supply the Clerk of Court with the last known forwarding addresses for former employees, said addresses to be placed under seal and used only for the purpose of attempting to effect service of process. Signed by District Judge John W. Lungstrum on 01/31/24. Mailed to pro se party Tony Tremayne Lewis by regular mail; e−mailed to counsel for the Attorney General and Kansas Department of Corrections. (smnd) (Entered: 01/31/2024) |
| 02/27/2024 | 15 | MOTION for Leave to Amend re 7 Amended Complaint (missing pages 2, 4, 6, 8 and 10) by Plaintiff Tony Tremayne Lewis. (Attachments: # 1 Second Amended Complaint) (smnd) (Entered: 03/07/2024) |
| 03/01/2024 | 14 | WAIVER OF SERVICE Returned Executed − Prisoner Case by Jeff Zmuda. Jeff Zmuda waiver sent on 3/1/2024, answer due 4/30/2024. (Shoger, Matthew) (Entered: 03/01/2024) |
| 03/07/2024 |  | DOCKET ANNOTATION: Notice was sent by e−mail to KDOC facility advising pages 2, 4, 6, 8, and 10 were missing from the 15 MOTION for Leave to Amend re 7 Amended Complaint filed by Tony Tremayne Lewis. (smnd) (Entered: 03/07/2024) |
| 03/11/2024 | 16 | MEMORANDUM AND ORDER ENTERED: Plaintiff's Motion to File Second Supplemental Claims (Doc. 15 ), docketed as a Motion for Leave to Amend Amended Complaint, is denied. Signed by District Judge John W. Lungstrum on 03/11/24. Mailed to pro se party Tony Tremayne Lewis with § 1983 forms and instructions by regular mail. (smnd) (Entered: 03/11/2024) |
| 03/15/2024 | 17 |  |

| | | |
|---|---|---|
| | | MOTION to File Second Supplemental Claims by Plaintiff Tony Tremayne Lewis. (Attachments: # 1 Exhibits, # 2 Proposed Second Amended Complaint) (smnd) (Entered: 03/18/2024) |
| 03/26/2024 | 18 | MEMORANDUM AND ORDER ENTERED: Plaintiff's Motion to File Second Supplemental Claims (Doc. 17 ) is denied. Signed by District Judge John W. Lungstrum on 03/26/24. Mailed to pro se party Tony Tremayne Lewis with § 1983 forms and instructions by regular mail. (smnd) (Entered: 03/26/2024) |
| 04/29/2024 | 19 | MARTINEZ REPORT by Interested Party Kansas Department of Corrections re 7 Amended Complaint. (Attachments: # 1 Exhibit A–Kasper profile, # 2 Exhibit B–DR record 22–11–149, # 3 Exhibit C–DR record 22–11–150, # 4 Exhibit D–Marsha Bos Declaration, # 5 Exhibit E–IMPP 12–120A (3/14/23), # 6 Exhibit F–IMPP 12–120A (3/21/24), # 7 Exhibit G–Publication descriptions, # 8 Exhibit H–IMPP 12–139D, # 9 Exhibit I–Legal mail delivery forms, # 10 Exhibit J–Hoepner response, # 11 Exhibit K–Joyce Horsch Declaration)(Barnard, Laine) (Entered: 04/29/2024) |
| 05/28/2024 | 20 | RESPONSE to 19 Martinez Report by Plaintiff Tony Tremayne Lewis. (jal) (Entered: 05/28/2024) |
| 05/31/2024 | 21 | MEMORANDUM AND ORDER TO SHOW CAUSE ENTERED: Plaintiff is granted until June 28, 2024, in which to show good cause why this action should not be dismissed for failure to state a claim upon which relief may be granted. Signed by District Judge John W. Lungstrum on 5/31/2024. Mailed to pro se party Tony Tremayne Lewis by regular mail. (jal) (Entered: 05/31/2024) |
| 06/20/2024 | 22 | MOTION for Leave to File Second Amended Complaint filed by Plaintiff Tony Tremayne Lewis. (Attachments: # 1 Motion to File 2nd Supplemental Claims, # 2 Exhibits Y–Y4, # 3 Exhibits Z–Z5) (smnd) Modified on 7/11/2024 pursuant to 27 Memorandum and Order. (smnd) (Entered: 06/21/2024) |
| 06/20/2024 | 23 | MOTION to Appoint Counsel by Plaintiff Tony Tremayne Lewis. (Attachments: # 1 Exhibit S, # 2 Exhibit S–1) (smnd) (Entered: 06/21/2024) |
| 06/27/2024 | 24 | MOTION to Reinstate Dropped Defendants and Dismissed 1983 Claims (missing pages 2, 4, 6 & 8) by Plaintiff Tony Tremayne Lewis. (smnd) (Entered: 06/28/2024) |
| 06/27/2024 | 25 | RESPONSE (titled Pro Se Motion Requesting Reconsideration to Proceed) by Plaintiff Tony Tremayne Lewis re 21 Memorandum and Order to Show Cause. (Attachments: # 1 Exhibits) (smnd) Modified on 6/28/2024 to add title of document. (smnd) (Entered: 06/28/2024) |
| 07/02/2024 | 26 | MOTION to Supplement 22 SECOND AMENDED COMPLAINT (titled: Request to Submit Supplemental Arguments) by Plaintiff Tony Tremayne Lewis. (jal) (Entered: 07/02/2024) |
| 07/11/2024 | 27 | MEMORANDUM AND ORDER ENTERED: This matter is dismissed for failure to state a claim upon which relief may be granted. The docket entry for Doc. 22 shall be revised to read "Motion for Leave to File Second Amended Complaint," and the motion is denied. Plaintiff's Motion to Appoint Counsel (Doc. 23 ) is denied. Plaintiff's Motion to Reinstate Dropped Defendants and Dismissed 1983 Claims (Doc. 24 ) is denied. Plaintiff's Motion to Supplement Second Amended Complaint (titled: "Request to Submit Supplemental Arguments") is granted insofar as the Court considered the supplemental arguments in reaching its decision. Signed by District Judge John W. Lungstrum on 07/11/24. Mailed to pro se party Tony Tremayne Lewis by regular mail. |

| | | |
|---|---|---|
| | | (smnd) (Entered: 07/11/2024) |
| 07/11/2024 | 28 | JUDGMENT regarding 27 Memorandum and Order dismissing matter for failure to state a claim upon which relief may be granted. Signed by Deputy Clerk on 07/11/24. Mailed to pro se party Tony Tremayne Lewis by regular mail. (smnd) (Entered: 07/11/2024) |
| 07/16/2024 | 29 | NOTICE OF APPEAL as to 27 Memorandum and Order and 28 Judgment by Plaintiff Tony Tremayne Lewis. (smnd) (Entered: 07/16/2024) |
| 07/16/2024 | | APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal – Final Judgment 29 on behalf of Plaintiff Tony Tremayne Lewis. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION.) (smnd) (Entered: 07/16/2024) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Tony T. Lewis (98308)
Plaintiff

v.                                                                                CASE NO: 5:23-CV-3236-JWL

Jeff Zmuda aka
~~Kansas~~ "Secretary of Corrections for KDOC"
Defendants

### Plaintiff's Notice of Appeal
### (AND) Request for Steps and Rules for Appealing 1983 Dismissals

I, Tony Tremayne Lewis, am wanting to promptly appeal the dismissals this court rendered, on July 11, 2024, with respect to the severe claims within my case no 5:23-CV-3236-JWL.

I strongly believe this court disregarded much law when it dismissed the issues I attempted to seek rectification through, in regard to the cruel treatment I've alleged committed by more than a few KDOC prison officials; and because so, I need this court to acknowledge [this effort] to gain a reversal from the Court of Appeals.

I (Plaintiff) am a Pro Se prisoner and I have very little knowledge about the rules and procedures pertaining to appealing the dismissals I received.

It would be necessary assistance of the court to provide me with any and all forms and instructions about appealing this

court's erroneous decisions within my 1983 section claim.
The Plaintiff will also be needing information about how to be appointed appeallant counsel.

I (Plaintiff) asks of this request, and files this NOTICE OF APPEAL in good faith.

Respectfully submitted
Plaintiff; Tony J. Lewis 98808

x *Tony*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**TONY TREMAYNE LEWIS,**

    **Plaintiff,**

    v.                                                                                    **CASE NO. 23-3236-JWL**

**JEFF ZMUDA, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is an inmate at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. On November 17, 2023, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 7) and a response to the MOSC. The Court entered a Memorandum and Order (Doc. 12) ("M&O") dismissing all but Plaintiff's First Amendment claim and directing the officials responsible for the operation of EDCF to prepare a *Martinez* Report. The *Martinez* Report (Doc. 19) was filed, and the plaintiff filed a response (Doc. 20) to the Report. The Court screened the Complaint in light of these filings and directed Plaintiff to show cause why the Complaint should not be dismissed. (*See* Memorandum and Order to Show Cause ("MOSCII"), Doc. 21.)

The MOSCII found that Plaintiff failed to state an actionable First Amendment claim under either his theory of violation of his right to freedom of speech and association or his right of access

to the courts. The MOSCII further found that Plaintiff could not recover compensatory damages because he failed to demonstrate a physical injury.

Now before the Court is Plaintiff's response to the MOSCII (titled "Pro Se Motion Requesting Reconsideration to Proceed") (Doc. 25), a proposed Second Amended Complaint (Doc. 22), a Motion to Appoint Counsel (Doc. 23), a Motion to Reinstate Dropped Defendants and Dismissed 1983 Claims (Doc. 24), and a Motion to Supplement Second Amended Complaint (titled "Request to Submit Supplemental Arguments") (Doc. 26).

**1. Response to MOSCII (Doc. 25)**

Plaintiff argues that he meets the actual injury requirement of an access to the courts claim because he suffered an actual injury when the book *Battling the Administration* was seized. He argues that he had ordered the book before IMPP 12-120A went into effect, yet the book was seized when it was received in the mailroom. Plaintiff argues that the defendant's actions in seizing the book hindered his effort to pursue this lawsuit. More specifically, he states that he "would often worry and hope that . . . the prison's library could either provide him the book he was deprived, or, issue out immediately some similar legal reference books in which could assist the Pro Se litigant's effort of (properly presenting claims in a federal court)." (Doc. 25, at 2.)

To the extent Plaintiff is arguing that the property loss was an actual injury, the argument fails. As explained in the MOSCII, the actual injury requirement of an access to the courts claim is satisfied by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging

2

"the conditions of their confinement." *Id.* at 355; *see also Carper v. Deland*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of *initial pleadings* in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (emphasis added). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis,* 518 U.S. at 356. Nor does an inmate's inability to effectively litigate once in court fulfill the requirement of actual injury. *Lewis*, 518 U.S. at 354.

Plaintiff's argument is that he could not litigate effectively because he did not have one specific book, *Battling the Administration*. This argument is utterly conclusory and does not satisfy the injury requirement of an access to the courts claim. Plaintiff has failed to show good cause why his claim for violation of his constitutional right of access to the courts should not be dismissed.

Plaintiff also argues that he should have been reimbursed for the confiscated issues of *Poets and Writers* magazine. He states, "[T]he court would abuse its discretion in a terrible way if it continues to deem those deprivations of property unworthy of suitable compensation, for the barring prohibition 1997e(e) cannot succeed in disallowing the Plaintiff from receiving awards of compensatory and punitive as well." *Id*. at 4. He further alleges that "staff responsible [for the seizures] had knowledge that IMPP 12-120(A) was not suppose[d] to capture any magazine ordered before May 1, 2023." *Id.* at 3.

Neither the negligent nor the unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available);

3

*Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (inmate could not present claim against warden under § 1983 for negligent loss of inmate's property where existence of state tort claims process provided due process).

Kansas law provides procedures that inmates must follow when making claims for property loss or damage. K.A.R. 44-16-104; *see also* K.A.R. 44-15-101a(d)(1)(B)(2). These procedures have been held to constitute an adequate post-deprivation remedy. *See Milburn v. Nelson*, 221 F.3d 1352 (Table), 2000 WL 1005253, *1 (10th Cir. July 20, 2000) (unpublished).

Plaintiff's claim of deprivation of property without due process is subject to dismissal for failure to state a claim under § 1983. Plaintiff's remedies for loss or deprivation of his personal property are the prison administrative procedures and an action in state court, which constitute adequate post-deprivation remedies.

## 2. Request to Submit Supplemental Arguments (Doc. 26) (Docketed as Motion to Supplement Second Amended Complaint)

In this filing, Plaintiff continues to argue that he should receive compensatory damages for the seizure of five (5) issues of *Poets and Writers*. The Court has reviewed and considered his arguments and finds that his Complaint remains subject to dismissal.

Plaintiff seems to be confusing a request to be compensated for the value of personal property and a request for compensatory damages for some injury beyond the value of the property. A claim for property loss is discussed above, and a claim for compensatory damages for amounts beyond the value of the magazines is barred by 42 U.S.C. § 1997e(e), as explained in the MOSCII. (*See* Doc. 21, at 6-7.)

## 3. Second Amended Complaint (Doc. 22)

Plaintiff seeks to add three counts to his Complaint, which originally contained six counts. This same request, with identical proposed supplemental complaint, was previously filed by

4

Plaintiff on February 27, 2024 (Doc. 15) and on March 15, 2024 (Doc. 17). In both instances, Plaintiff was denied leave to file supplemental claims. He was informed that to amend his Complaint, he needed to file a complete proposed amended complaint on the court-approved form. In each instance, he was provided with a form but chose not to comply with the order. With Doc. 22, Plaintiff has yet again filed a request to supplement his Complaint, with a purported amended complaint that does not include his existing First Amendment claim that was the subject of the *Martinez* Report and the MOSCII.

Although a plaintiff is entitled to amend a complaint once as a matter of right under Fed. R. Civ. P. 15, Plaintiff has already filed an Amended Complaint (Doc. 7) and is no longer entitled to amend as a matter of right. *See* Fed. R. Civ. P. 15(a)(1) (Amending as a Matter of Course). The decision whether to grant leave to amend is within the court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

The three counts that Plaintiff seeks to add are completely unrelated to his only surviving claim, which is based on IMPP 12-120A. Proposed Count 7 involves an incident with his cellmate on March 16, 2023. Proposed Count 8 involves an incident where he was not given a meal on June 6, 2023. Proposed Count 9 generally discusses the liability of the KDOC for all of his claims. Each claim involves different defendants and different facts. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc*., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

In addition, the claims Plaintiff seeks to add were available to him when he filed his original complaint. "Where the party seeking amendment knows or should have known of the facts upon

which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1184–85 (10th Cir. 1990).

For these reasons, the docket entry for Doc. 22 shall be revised to read "Motion for Leave to File Second Amended Complaint," and the motion is denied. If Plaintiff wishes to pursue the unrelated claims contained in his motion, he should file a separate action after exhausting the facility's administrative grievance procedures regarding the claims.

**4. Motion to Reinstate Dropped Defendants and Dismissed 1983 Claims (Doc. 24)**

In this motion, Plaintiff seeks reconsideration of the Court's Memorandum and Order dated January 13, 2024, entered after Plaintiff responded to the first MOSC. Local Rule 7.3 provides as follows:

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion *within 14 days* after the order is served unless the court extends the time. A motion to reconsider must be based on:
>
> (1)  an intervening change in controlling law;
> (2)  the availability of new evidence; or
> (3)  the need to correct clear error or prevent manifest injustice.

D. Kan. Rule 7.3 (emphasis added).

Plaintiff's motion was filed more than 5 months after the order was served and is therefore untimely. Moreover, Plaintiff does not rely on a change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. He merely repeats arguments that he already made. Plaintiff's motion is denied.

**5. Motion to Appoint Counsel (Doc. 23)**

Plaintiff seeks the appointment of counsel, arguing that his imprisonment greatly limits his ability to litigate, the KDOC is hindering his ability to investigate his claims, and the issues are

6

15

complex. He further argues that counsel is necessary because of the adverse rulings of the Court, such as the denial of leave to supplement his Complaint.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Plaintiff argues that the case of *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), stands for the proposition that once a court finds a *Martinez* report is necessary, it is the duty of the court to appoint effective counsel for a pro se prisoner. (Doc. 23, at 1.) This is not an accurate representation of the holding of the case. The court in *Abdullah* held that, based on the particular facts of that case, "the district court should have appointed plaintiff counsel on the First Amendment claim, once the district court found it to be meritorious." *Abdullah*, 949 F.2d at 1035.

Even if an Eighth Circuit case were binding on this Court, which it is not, the Court has not found that Plaintiff's claim is meritorious. The *Martinez* report was ordered because the Court

7

needed additional information to make that determination. (*See* Memorandum and Order, 1/31/24, Doc. 12, at 4: "The Court finds that it needs additional information from officials of the EDCF and KDOC before completing the screening of Plaintiff's First Amendment claim.") The Court concludes in this case that (1) Plaintiff has not asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the docket entry for Doc. 22 shall be revised to read "Motion for Leave to File Second Amended Complaint," and the motion is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 23) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reinstate Dropped Defendants and Dismissed 1983 Claims (Doc. 24) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Second Amended Complaint (titled: "Request to Submit Supplemental Arguments") is **granted** insofar as the Court considered the supplemental arguments in reaching its decision.

**IT IS SO ORDERED**.

**Dated July 11, 2024, in Kansas City, Kansas.**

                                             **S/  John W. Lungstrum**
                                             **JOHN W. LUNGSTRUM**
                                             **UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**TONY TREMAYNE LEWIS,**

              **Plaintiff,**

v.                                                     Case No. 23-3236-JWL

**JEFF ZMUDA, DAVID C. FERRIS, DARCIE HOLTHAUS, PHILLIP C. MARLEY, MARIA G. BOS, SHAWN R. CHASTAIN, ALEXANDER OWENS, JARRIS J. PERKINS, BRIAN M. BUCHHOLZ, JEREMY L. HOEPNER, ISAIAH J.O. BARKER, TOMMY WILLIAMS, BRETT A. SISSELL, JESSICA RAMSDELL and KANSAS DEPARTMENT OF CORRECTIONS,**

              **Defendants.**

## JUDGMENT IN A CIVIL CASE

**( )**     **JURY VERDICT.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**(x)**     **DECISION BY THE COURT.** This action came before the Court. The issues have been considered and a decision has been rendered.

        **IT IS ORDERED AND ADJUDGED** that this matter is dismissed for failure to state a claim upon which relief may be granted.

Entered on the docket 07/11/24

**Dated: July 11, 2024**                       SKYLER B. O'HARA
                                                   CLERK OF THE DISTRICT COURT


                                                     s/S. Nielsen-Davis
                                                     **Deputy Clerk**